IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Hargrove, | : | |
| Petitioner | : | Civil Action 2:07-cv-00240 |
| v. | : | Judge Holschuh |
| J. Wolfe, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner Hargrove, a state prisoner, brings this action for a writ of habeas corpus under the provisions of 28 U.S.C. §2254.  This matter is before the Magistrate Judge on respondent's June 20, 2008 motion to dismiss or, in the alternative, to stay because petitioner has not exhausted his Ohio court remedies for his claim that he was denied the effective assistance of counsel when his attorney failed to follow his instruction to file a notice of appeal (doc. 5).

On July 3, 2002, the Franklin County Grand Jury indicted Hargrove on one count of aggravated robbery, Ohio Rev. Code § 2911.01,  and one count of aggravated murder, Ohio Rev. Code § 2903.01  Each charge included a firearm specification.  On June 30, 2005, Hargrove pleaded guilty to involuntary manslaughter with a firearm specification.  On August 22, 2005, the Common Pleas Court entered judgment sentencing him to consecutive terms of five years in prison for involuntary manslaughter and three

years for the firearm specification.  The petition alleges four grounds for relief:

- Petitioner was denied his right to appeal when his attorney failed to follow his instruction to file a notice of appeal.
- He was denied the effective assistance of counsel when his attorney failed to file an appeal to challenge his sentence as contrary to law.
- The prosecution unconstitutionally obtained his conviction for a gun specification of which he witnesses factually innocent.
- His sentence is contrary to law and the constitution because he should have received a minimum sentence.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts.  28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court.  *Mackey v. Koloski*, 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F. 2d 134, 140 (6th Cir. 1970).  It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code §2953.21.  *Manning v. Alexander*, 912 F. 2d 878 (6th Cir. 1990).  A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed.  *Rose v. Lundy,* 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Pilette v. Foltz,* 824 F. 2d 494 (6th Cir. 1987).

On July 17, 2006, Hargrove filed a motion for a delayed appeal.  He asserted that directly following his sentencing, he instructed his attorney to file an appeal.  Respond-

ent's Motion to Dismiss, Exh. 6, Doc. 5-5.  The Court of Appeals rejected that assertion:

> He claims, however, that he instructed his attorney to file an appeal and then did not hear anything from his attorney and did not receive a new attorney for appeal.  He claims that months later he discovered that his attorney did not file an appeal and only later learned that he could file a motion for delayed appeal.  Other than his own self-serving statement, Hargrove presents no support for his allegation that he instructed his attorney to file an appeal
> . . . Haragrove waited 11 months after his conviction to this motion.  He does not explain when he learned that his attorney did not file an appeal .
> . . . Hargrove could have discovered that his attorney did not file an appeal on his behalf much earlier.  He also fails to explain the steps he took once he learned of his attorney's failure to file an appeal or his inability to file the instant motion.  Hargrove's 11-month delay in filing his motion for leave to appeal, without justifiable explanation, is unreasonable.

September 19, 2006 Decision, at pp. 2-3, *Id.*, Exh. 7, Doc. 5-5.

In his memorandum in support of his motion for leave to appeal to the Supreme Court of Ohio, Hargrove asserted that he learned of his right to appeal at sentencing and that directly after sentencing he instructed his attorney to file an appeal.  His attorney responded "that he would look into this for me."  His family attempted without success to contact his attorney.  They checked the criminal docket in December and February, but no appeal had been filed.  Sometime after that, his family learned that no appeal had been filed.  *Id.*, Exh. 9, Doc. 5-5.  On February 7, 2007, the Supreme Court of Ohio denied Hargrove's motion for leave to appeal.  *Id.,* Exh. 11.

Respondent argues that Hargrove has failed to exhaust his Ohio court remedies for his second ground for relief–that he has denied the effective assistance of counsel when his attorney failed to follow his instruction to file a notice of appeal.  Respondent

3

maintains that the claim can be raised in a postconviction petition under Ohio Revised Code § 2953.23.

The total exhaustion rule of *Rose v. Lundy*, 455 U.S. 509, 522 (1985), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, see *Rhines v. Weber*, 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition. *Id.* Under such circumstances, a stay of proceedings may be appropriate under limited circumstances. *Id.*

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ( "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State" ).

Id., at 277.

The only claim petitioner Hargrove presented to the Ohio courts was ground one–that he was denied his right to appeal when his attorney failed to follow his instruction to file a notice of appeal. Grounds two, three and four have not been presented to the Ohio courts.

WHEREUPON, the Magistrate Judge RECOMMENDS that respondent's June 20, 2008 motion to dismiss or, in the alternative, to stay because petitioner has not exhaust-

ed his Ohio court remedies for his claim that he was denied the effective assistance of counsel when his attorney failed to follow his instruction to file a notice of appeal (doc. 5)be GRANTED.  Petitioner is ORDERED to file a statement dismissing grounds two, three and four within eleven (11) days of the date of this Order.  If he does not, this action will be DISMISSED without prejudice for petitioner to exhaust his Ohio court remedies for those claims.

If any party objects to this Order, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Order and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B)l; Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Order will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

Copies of the petition and this Order shall be mailed to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH 43215.

                                      s/Mark R. Abel
                                      United States Magistrate Judge