IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES HARGROVE,            CASE NO. 2:07-cv-240
                                                     JUDGE HOLSCHUH
         Petitioner,            MAGISTRATE JUDGE ABEL

      v.

JEFFERY WOLFE, Warden,

         Respondent.

**OPINION AND ORDER**

On February 19, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed without prejudice as unexhausted unless petitioner deleted claims two, three and four from the petition. *See* Doc. No. 7. Although the parties were explicitly advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, no objections have been filed. The *Report and Recommendation*, therefore is **ADOPTED** and **AFFIRMED.**

Magistrate Judge Abel's *Report and Recommendation* held that petitioner Hargrove had exhausted his Ohio court remedies for ground one, but not grounds two, three and four:

> On July 3, 2002, the Franklin County Grand Jury indicted Hargrove on one count of aggravated robbery, Ohio Rev. Code § 2911.01, and one count of aggravated murder, Ohio Rev. Code § 2903.01  Each charge included a firearm specification. On June 30, 2005, Hargrove pleaded guilty to involuntary manslaughter with a firearm specification. On August 22, 2005, the Common Pleas Court entered judgment sentencing him to consecutive

terms of five years in prison for involuntary manslaughter and three years for the firearm specification.  The petition alleges four grounds for relief:

- Petitioner was denied his right to appeal when his attorney failed to follow his instruction to file a notice of appeal.
- He was denied the effective assistance of counsel when his attorney failed to file an appeal to challenge his sentence as contrary to law.
- The prosecution unconstitutionally obtained his conviction for a gun specification of which he witnesses factually innocent.
- His sentence is contrary to law and the constitution because he should have received a minimum sentence.

. . .

On July 17, 2006, Hargrove filed a motion for a delayed appeal.  He asserted that directly following his sentencing, he instructed his attorney to file an appeal.  Respondent's Motion to Dismiss, Exh. 6, Doc. 5-5. . . .

. . .

In his memorandum in support of his motion for leave to appeal to the Supreme Court of Ohio, Hargrove asserted that he learned of his right to appeal at sentencing and that directly after sentencing he instructed his attorney to file an appeal.  His attorney responded "that he would look into this for me."  His family attempted without success to contact his attorney.  They checked the criminal docket in December and February, but no appeal had been filed.  Sometime after that, his family learned that no appeal had been filed.  *Id.*, Exh. 9, Doc. 5-5.  On February 7, 2007, the Supreme Court of Ohio denied Hargrove's motion for leave to appeal.  *Id.*, Exh. 11.

. . .

The only claim petitioner Hargrove presented to the Ohio courts was ground one–that he was denied his right to appeal when his attorney failed to follow his instruction to file a notice of appeal.  Grounds two, three and four have not been presented to the Ohio courts.

WHEREUPON, the Magistrate Judge RECOMMENDS that respondent's June 20, 2008 motion to dismiss or, in the alternative, to stay because petitioner has not exhausted his Ohio court remedies for his claim that he was denied the effective assistance of counsel when his attorney failed to follow his instruction to file a notice of appeal (doc. 5) be GRANTED.  Petitioner is ORDERED to file a statement dismissing grounds two, three and four within eleven (11) days of the date of this Order.  If he does not, this action will be DISMISSED without prejudice for petitioner to exhaust his Ohio court remedies for those claims.

On February 28, 2008, petitioner filed a notice stating that he was deleting claims two, three and four from the petition. *See* Doc. No. 8. In that filing, Hargrove asked what proceedings the Court intends to hold regarding ground one and whether the Court will appoint counsel for him.

The Ohio Court of Appeals made fact findings regarding petitioner's allegation that he instructed his attorney to file a notice of appeal. This Court will have to determine what those findings were and whether they must be accepted as binding on a federal habeas corpus court. A related issue is whether petitioner has the right to offer additional evidence on whether he instructed his attorney to file an appeal. These questions must be resolved in the manner directed by 28 U.S.C. §§ 2254(d) and (e). Because of the complexity of the legal and factual issues, the Court will appoint counsel for petitioner Hargrove to brief these issues.

For the reasons stated above, respondent's motion to dismiss or stay, Doc. No. 5, is **DENIED.** Claims two through four are **DISMISSED**. Respondent is **DIRECTED** to file a supplemental Return of Writ that complies with Rule 5 of the Rules Governing Section 2254 Proceedings in the United States District Courts within twenty (20) days. Petitioner may file a reply within twenty (20) days thereafter.

**IT IS SO ORDERED.**

Date: March 25, 2008                                        **/s/ John D. Holschuh**
                                                                                                 JOHN D. HOLSCHUH
                                                                                                 United States District Judge