# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HARGROVE, | : | |
| Petitioner, | : | Case No. 2:07-cv-240 |
| v. | : | Judge Holschuh |
| JEFFREY A. WOLFE, Warden, | : | Magistrate Judge Abel |
| Respondent. | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

Petitioner James Hargrove ("Hargrove") brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 21, 2007 and alleged four claims for relief. (Doc. # 1.) After the Court dismissed claims two, three, and four for failure to exhaust state remedies (Opinion and Order, March 25, 2008, doc. # 9), the parties conducted discovery and Magistrate Judge Abel held an evidentiary hearing on to Hargrove's sole remaining claim of denial of his right to appeal due to his attorney's failure to follow his instructions to file a notice of appeal. After the evidentiary hearing, Magistrate Judge Abel issued a Report and Recommendation recommending that the Court dismiss this claim on the merits. (Doc. # 26.) Hargrove has filed Objections (doc. # 28), and Respondent has responded (doc. #29). Pursuant to 28 U.S.C. § 636(b)(1) this Court has conducted a de novo review of the Report and Recommendation, and for the reasons that follow, Hargrove's Objections are **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED**, and this action is **DISMISSED**.

The choice to appeal is a fundamental determination pertaining to a defendant's case, and the decision ultimately rests with the defendant, not with the defendant's lawyer. Jones v. Barnes,

463 U.S. 745, 751 (1983). "In order to make such a decision, the defendant must have knowledge about the appeals options available to him. . . . In order to be properly informed, a defendant must be told of his right to appeal . . . ." Wolfe v. Randle, 267 F.Supp.2d 743, 748 (S.D. Ohio 2003) (Spiegel, J.). However, if a defendant has personal knowledge of his appellate rights, he cannot base a habeas claim on the court's failure to inform him of those rights. Peguero v. United States, 526 U.S. 23, 29-30 (1999).

Hargrove argues in his Objections that his case is indistinguishable from Cooper v. Warden, No. 2:06-cv-718 (S.D. Ohio May 2, 2008), in which this Court granted a petitioner a writ of habeas corpus based upon a denial of the petitioner's right to appeal. In that case the petitioner was indicted on attempted murder and felonious assault charges, pleaded guilty to one count of felonious assault, and was sentenced to seven years incarceration. During his guilty plea colloquy, the trial court told the petitioner that he was waiving his right to appeal by pleading guilty, and during the sentencing hearing the trial court failed to mention a right to appeal the sentence. Additionally, the petitioner's attorney at the time, who incidentally was the same attorney who represented Hargrove during his state court proceedings, erroneously informed the petitioner that, by pleading guilty, he was giving up his right to appeal his sentence unless he received the maximum sentence. Based on this information, the petitioner did not request or file a direct appeal, and when he later attempted to do so after learning that he did in fact have a right to appeal, the Ohio courts rejected his late appeal. This Court, on a magistrate judge's recommendation after an evidentiary hearing, granted the petitioner a conditional writ of habeas corpus on the ground that the petitioner's lack of knowledge about his appellate rights resulted in a denial of his right to appeal.

Although there are many factual similarities between Cooper and Hargrove's case, the most

distinguishing and determinative fact is that in Cooper the attorney for the petitioner misrepresented to the petitioner that he had no right to an appeal unless he received the maximum sentence permitted by law. As a result, the petitioner did not request that his attorney a notice of appeal. In the present case, however, Hargrove testified at the evidentiary hearing that he knew he had a right to appeal his sentence (Evid. Hr'g. Tr. p. 15, doc. # 25), and in fact allegedly requested that his attorney file an appeal. Although Hargrove is correct that the trial court's failure to inform him of his right to appeal may have violated state law, that fact cannot support a habeas claim when the petitioner has personal knowledge of those rights. Peguero, 526 U.S. at 29-30.

Hargrove further argues that his knowledge of his appellate rights were too limited to support this conclusion, and that his knowledge of those rights only developed once he was incarcerated and began speaking to other inmates. Merely having after the fact knowledge from inmates at a county jail or federal institution would not be sufficient knowledge, but in this case evidence indicates that Hargrove knew about his appellate rights beforehand. Prior to his guilty plea colloquy, Hargrove reviewed with his attorney and signed an entry of guilty plea form that clearly stated he had a right to appeal his sentence within thirty days. (Evid. Hr'g. Tr. ex. 1, p. 20-21, doc. # 25.) Although the petitioner in Cooper had signed the same form, in that case the Court discounted the form because the petitioner was not competent to understand and sign the form. Not so in the present case, as the evidence established that Hargrove is able to read and write and could understand the form. Despite Hargrove's argument that "the result in Cooper must necessarily dictate the outcome" in his case (Obj. p. 12, doc. # 28), Hargrove's case is distinguishable from Cooper and is not controlled by that case.

While the trial court's failure to properly inform Hargrove of his appellate rights may not

3

support a habeas claim, if Hargrove had in fact directed his attorney to file an appeal, and his attorney did not do so, that would clearly be a violation of Hargrove's constitutional rights. This case thus comes down to a question of fact: did Hargrove direct his attorney to file an appeal on his behalf? The evidence presented before Magistrate Judge Abel during the evidentiary hearing was conflicting, with Hargrove asserting that his attorney told him "I got you" in response to Hargrove's request for an appeal, and his attorney testifying that Hargrove never requested that he file an appeal. This credibility dispute is best left to the Magistrate Judge, who was in the best position to assess the witnesses' demeanor and candor on the stand. Magistrate Judge Abel's conclusion that Hargrove had not established that he actually requested his attorney to file an appeal is supported by evidence in the record, and although this Court reviews that evidence de novo the Court reaches the same conclusion as Magistrate Judge Abel. Hargrove cannot establish that he actually requested that his attorney file an of appeal, and thus cannot establish that he was denied his constitutional right to an appeal.

Hargrove's Objections to Magistrate Judge Abel's Report and Recommendation (doc. # 28) are **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED**, and Hargrove's habeas petition (doc. # 1) is **DISMISSED**.

**IT IS SO ORDERED**.

Date: June 24, 2009                                       **/s/ John D. Holschuh**
                                                          John D. Holschuh, Judge
                                                          United States District Court